**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116317

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Marilyn Shank, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>                  vs.<br><br>VanVorst Law Firm,<br><br>                  Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Marilyn Shank, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against VanVorst Law Firm (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.    This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.    At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Marilyn Shank is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant VanVorst Law Firm, is a New York Professional Limited Liability Company with a principal place of business in Suffolk County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by two letters ("the Letters") both dated September 13, 2018. (**"Exhibit 1."**)

15. The Letters were the initial communications Plaintiff received from Defendant.

16. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

### FIRST COUNT
### Violation of 15 U.S.C. §§ 1692e and 1692g
### Amount of the Debt

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the

consumer a written notice containing certain enumerated information.

19. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

20. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

21. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

22. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

23. The Letters are for the same account number, XXX577.

24. The Letters are for the same creditor.

25. Despite being for the same account, and the same creditor, the Letters are for different amounts.

26. There is no way for Plaintiff to determine what the account represent.

27. There is no way for Plaintiff to determine what the amounts listed represents.

28. There is no way for Plaintiff to determine what the amount is of his alleged debt.

29. The letters would likely confuse the least sophisticated consumer.

30. The letters would likely confuse the least sophisticated consumer as to what the accounts represent.

31. The letters would likely confuse the least sophisticated consumer as to what the amounts listed represents.

32. The letters would likely confuse the least sophisticated consumer as to the amount of his alleged debt.

33. Based on Defendant's conduct, as described, the least sophisticated consumer would be unable to determine the amount of the alleged debt.

34. Based on Defendant's conduct, as described, the least sophisticated consumer would be confused as to the amount of the alleged debt.

35. Based on Defendant's conduct, as described, the least sophisticated consumer would be uncertain as to the amount of the alleged debt.

36. For these reasons, Defendant failed to clearly state the amount of the alleged debt.

37. For these reasons, Defendant failed to unambiguously state the amount of the

alleged debt.

38.  Defendant violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the alleged debt.

39.  Defendant violated § 1692g as it failed to clearly, explicitly and unambiguously convey the source of the alleged debt.

40.  Defendant violated § 1692g as it failed to clearly, explicitly and unambiguously convey the identity of the alleged debt.

41.  15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42.  While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

43.  The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

44.  A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

45.  A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

46.  For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately state the amount of the debt is unfair and deceptive to the least sophisticated consumer.

47.  15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of the debt.

48.  15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

49.  Defendant violated § 1692e as it failed to clearly, accurately and unambiguously convey the amount of the alleged debt.

50.  Defendant violated § 1692e as it failed to clearly, accurately and unambiguously convey the source of the alleged debt.

51.  Defendant violated § 1692e as it failed to clearly, accurately and unambiguously convey the identity of the alleged debt.

4

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e

52. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

53. 15 U.S.C. § 1692e prohibits a debt collector form using any false, deceptive, or misleading representations in connection with the collection of any debt.

54. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

55. 15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

56. The Letters are on the letterhead of Defendant VanVorst Law Firm, PLLC, a law firm.

57. The Letters' signature block states "Daniel VanVorst, Attorney."

58. The Letters identify Defendant VanVorst Law Firm, PLLC as a debt collector.

59. The signature on the Letters is an electronic signature or signature stamp.

60. Defendant VanVorst Law Firm, PLLC was acting as a debt collector, as defined by the FDCPA, concerning Plaintiff's alleged debt.

61. The FDCPA prohibits a debt collector from sending a letter, such as the subject Letters herein, if such letter misleads the consumer regarding "meaningful attorney involvement" in the debt collection process.

62. A letter, such as the subject Letters herein, does not mislead a consumer regarding "meaningful attorney involvement" in the debt collection process so long as that letter includes a disclaimer, such as the following: "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account."

63. The Letters contain no such disclaimer.

64. Because the Letters state that it is from a law firm, and because the Letters contain no disclaimer as to "meaningful attorney involvement," the least sophisticated consumer would likely believe that one or more attorneys have been personally involved in the day-to-day collection of Plaintiff's debt.

65. The least sophisticated consumer would likely be deceived by Defendant's conduct.

66. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

67. The least sophisticated consumer would likely be deceived into believing that an attorney had meaningful involvement in the collection of the alleged debt.

68. Defendant has violated 15 U.S.C. § 1692e by using a false, deceptive, and misleading representation in its attempt to collect the debt.

## CLASS ALLEGATIONS

69. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants, acting as debt collectors, attempted to collect a consumer debt using the letterhead of Defendant VanVorst Law Firm, PLLC, where such letter fails to include any disclaimer concerning meaningful attorney involvement, from one year before the date of this Complaint to the present.

70. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

71. Defendants regularly engage in debt collection.

72. The Class consists of more than 35 persons from whom Defendants, acting as debt collectors, attempted to collect delinquent consumer debts using the letterhead of Defendant VanVorst Law Firm, PLLC, where such letter fails to include any disclaimer concerning meaningful attorney involvement.

73. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

74. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that

6

declaratory relief is warranted.

75. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

76. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: January 29, 2019

                              **BARSHAY SANDERS, PLLC**

                              By: _/s/ *Craig B. Sanders*_____
                              Craig B. Sanders, Esq.
                              100 Garden City Plaza, Suite 500
                              Garden City, New York 11530
                              Tel: (516) 203-7600
                              Fax: (516) 706-5055
                              csanders@barshaysanders.com
                              *Attorneys for Plaintiff*
                              Our File No.: 116317

